UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| ALLEN MILLER, | ) | |
| | ) | |
| | ) | Civil No. 11-245-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WHITLEY COUNTY et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

This case arises out of the arrest of Allen Miller and the alleged improper conduct of the

defendants while arresting him.  Specifically, Miller alleges that state and county law

enforcement officials named as defendants here[1] deprived him of his constitutional rights when

engaging him so that he is entitled to relief under 42 U.S.C. § 1983.  Further, Miller alleges that,

in doing so, those same officials committed various torts under Kentucky law.  In three separate

motions, the following defendants moved for dismissal of certain claims pursuant to Federal

Rule of Civil Procedure 12(b):  the Commonwealth of Kentucky [R. 7-1], Whitley County, the

---

[1] Miller is very vague when stating which defendant is alleged to have done what.  For
example, in his complaint, Miller first states that defendant "Deputy Sherriff Adam Jarboe
radioed for backup and would not leave his car" before adding that "[u]pon the arrival of *other
defendants*, they proceeded to handcuff plaintiff while he was on his porch and proceeded down
the porch steps pushing him in the back.  When plaintiff fell, the officers jumped on him, beat
him, tased him and otherwise abused him."  [R. 1 at 7, 8] (emphasis added).  As the majority of
the grounds relied on for dismissal relate to immunity so that the specific conduct of each
individual is not implicated, the Court deems it appropriate to reach the issues raised in the

1

Whitley County Sheriff's Department, former Sheriff Lawrence Hodge, Deputy Sheriff Adam Jarboe, Whitley County Constable Jim Thornton [R. 8-1], and Kentucky State Police Trooper Raymond Foley [R. 6].  Hodge, Jarboe, Thornton, and Foley were each sued in both their individual and official capacities.  [R. 1].  As grounds for dismissal, the movants rely, almost exclusively, on various theories of immunity.  Miller failed to file a response to any of the pending motions and the time to do so has lapsed.  For the reasons stated herein, and excepting one basis, the defendants' motions to dismiss will be granted.

## I.

Because of the procedural posture of this case, the Court must consider all factual allegations contained in the complaint as true.  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff").  In this instance, nailing down those factual allegations is somewhat difficult due to the rather vague assertions contained in the complaint and the failure of the plaintiff to respond to the motions.

As best the Court can tell, Miller alleges that he was sitting in his backyard when, unprovoked, Bruce Ginn, a private citizen, approached and threatened him with a gun before physically attacking him.  When Miller's mother called the police, Deputy Sheriff Adam Jarboe arrived on the scene but failed to intervene to the satisfaction of Miller, instead calling for "backup."  "Backup" consisted of some, possibly all, of the other named defendants, although Miller never identifies which of the named defendants responded to Jarboe's call.  In any event, the "backup" defendants allegedly arrived on the scene and proceeded to beat Miller excessively before unlawfully detaining him.  These actions form the basis of Miller's § 1983 and state law

---

pending motions to dismiss.

claims against the individual law enforcement officers who allegedly beat him; their superiors both vicariously and, for purposes of the failure to train accusation, directly; Whitley County and its Sheriff's Department; and the Commonwealth of Kentucky.

## II.

The moving defendants argue, pursuant to Federal Rule of Civil Procedure 12(b)(6), that many of the claims against them are deficient because of different forms of immunity they claim to possess.

In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Recently, the Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Stated otherwise, it is not enough for a claim to be merely possible; it must also be "plausible." *See Courier*, 577 F.3d at 630. According to the Court, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Plausibility" then, is the benchmark the allegations contained in Miller's complaint must meet in order to survive the dismissal motions. If the defendants are immune from suit

even after fully crediting Miller's factual account, then those claims are not "plausible" and are properly dismissed.

### III.

Each of the movants argues that they are entitled to sovereign immunity as it relates to all or part of the § 1983 claims made against them.  The soundness of these arguments for the state and county entities will be addressed in turn.

### A.

With respect to the Commonwealth and the official capacity claims against KSP Officer Raymond Foley, potential immunity from suit for § 1983 claims is dependent on the same analysis. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  This is because "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Graham*, 473 U.S. at 166. Thus, the § 1983 claims against Foley in his official capacity will share the same fate as those brought against the Commonwealth.

Unfortunately for Miller, that means dismissal.  "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).  Indeed, "the Eleventh Amendment creates a jurisdictional bar to suits against states and state employees sued in their official capacities for money damages." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001).  Thus, it is quite plain that any claims arising under § 1983 against the Commonwealth and Foley in his official capacity are properly

dismissed.

## B.

Just as Foley, in his official capacity, and the Commonwealth enjoyed the identical level of immunity from § 1983 claims, the same is true with respect to Whitley County, the Whitley County Sheriff's Department, and the Whitley County officials (Hodge, Jarboe, and Thornton) sued in their official capacities.

Counties do not enjoy the same immunity from § 1983 actions that states do.  "The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations." *Mt. Healthy City School Dist. Bd. Of Educ. V. Doyle*, 429 U.S. 274, 280 (1977) (internal citation omitted); *see also Doe v. Patton*, 381 F. Supp.2d 595, 602 (E.D. Ky. 2005) ("Under federal case law, however, sovereign immunity does not apply to county governments").  Thus, blanket dismissal of federal claims against Whitley County and its various agents on the basis of sovereign immunity is improper. Nonetheless, because suits against Hodge, Jarboe, and Thornton in their official capacities are nothing more than suits against Whitley County, an entity already defending the suit, the Court deems it appropriate to dismiss all federal "official capacity" claims against the county officials on redundancy grounds.  *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (2008) ("[Plaintiff] sued the Clerk in his official capacity, which is the equivalent of suing the Clerk's employer, the County").

However, local government entities, including counties, "may be held liable under § 1983 only where its policy or custom causes the constitutional violation in question."  *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986)).  While Miller's complaint does include accusations that Whitley

County and its Sheriff's Department maintained policies and customs that led to his alleged
constitutional deprivations, the vagaries included therein may also be interpreted as claims
against those entities for reasons other than policy or custom.  To the extent that those claims
exist, they must be dismissed.  In other words, § 1983 "does not permit a municipal entity to
incur liability under a theory of *respondeat superior*."  *Miller*, 408 F.3d at 813.  To summarize:
immunity and redundancy require dismissal of all § 1983 claims against Whitley County, the
Sheriff's Department, and the county officials in their official capacity.  The lone exceptions to
this conclusion are those claims against Whitley County and the Sheriff's Department based on
county policy or custom that caused Miller's deprivation of constitutional rights.

## IV.

In addition to federal § 1983 claims, Miller also brought various state tort claims against
each of the defendants.  The movants seek dismissal of those claims relying on theories of state
law immunity.  The Court will address first the state entities' arguments before turning to the
theories relied on by the county entities.

## A.

Much like in the federal setting, any immunity enjoyed by the Commonwealth is also
enjoyed, to the exact same level, by KSP Officer Foley, when sued in his official capacity.
*Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001) ("[W]hen an officer or employee of a
governmental agency is sued in his/her representative capacity, the officer's or employee's
actions are afforded the same immunity, if any, to which the agency,  itself, would be entitled").

In this case, that immunity bars all state tort claims against both the Commonwealth and
Foley in his official capacity.  "Governmental immunity extends to state agencies that perform
governmental functions (i.e., act as an arm of the central state government) and are supported by

money from the state treasury." *Autry v. Western Kentucky University*, 219 S.W.3d 713, 717

(Ky. 2007).  The Commonwealth itself is, of course, performing a governmental function and is

entitled to immunity.  As far as Foley, he is not technically an employee of the Commonwealth,

but rather one of its agencies, the Kentucky State Police.  KSP performs a governmental function

in that it enforces state laws, and is financially supported by the Commonwealth.  *See Caudill v.

Pinsion*, 24 S.W.2d 938, 940 (Ky. 1930) ("The prevention of crime is a purely governmental

function"); KRS § 16.050 (1) (referencing budget requests from the KSP to the Kentucky

General Assembly).  Thus, if the KSP had been named as a defendant in this case, it would be

entitled to governmental immunity.  As such, Foley is entitled to the same for state law claims

brought against him in his official capacity.

### B.

As far as the state law claims brought against the Whitley County defendants (Whitley

County, the Sheriff's Department, and the official capacity claims brought against Hodge,

Jarboe, and Thornton), they are all properly dismissed due to governmental immunity.

"A county government is cloaked with sovereign immunity." *Schwindel v. Meade

County*, 113 S.W.3d 159, 163 (Ky. 2003); *see also Doe v. Patton*, 381 F. Supp.2d 595, 602 (E.D.

Ky. 2005) ("County governments in Kentucky are cloaked in sovereign immunity, unless such

immunity is expressly waived").  Miller never alleges that immunity has been waived for any of

its state law claims.  In addition, a county cannot "be held vicariously liable in a judicial court for

the ministerial acts of its agents, servants, and employees." *Schwindel*, 113 S.W.3d at 163.  All

state law claims against Whitley County and the Sheriff's Department are properly dismissed.

Finally, as it relates to the  individuals sued in their official capacities, they are "cloaked

with the same immunity as the government or agency [they] represent." *Id*. at 169 (citing *Yanero*

7

*v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001).  Each of the officials named here are agents and employees of the county government or one of its agencies, the Sheriff's Department.  Thus, the state official capacity claims against Hodge, Jarboe, and Thornton must be dismissed.

## V.

Other than the various immunity arguments raised by the parties, Hodge, Thornton, and Foley, also argue that some of the claims against them in their individual capacities should be dismissed.  Those parties make two discrete arguments; each will be addressed below.

## A.

Hodge and Thornton, the county officials, seek dismissal of individual capacity § 1983 claims against them because Miller failed to allege that they specifically "had any direct involvement in the plaintiff's alleged wrongful arrest and/or alleged beating."  [R. 8-1 at 2]. While the Court noted above, *supra* Part I, that Miller's complaint was not ideal in that it failed to specify which defendants participated in the alleged beating and arrest, the Court finds that it is still sufficient to defeat dismissal on this ground.

The benchmark when scrutinizing the factual allegations contained in a complaint is "plausibility."  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.") (citation omitted).  Here, Miller alleges that upon arrival to the scene, Jarboe "radioed for backup" and that "[u]pon the arrival of other defendants," Miller was deprived of his constitutional rights by both Jarboe and the "other defendants."  [R. 1 at 7-8]. While a greater degree of specificity may have been ideal, it was not required in this setting in order to create a plausible claim.

Miller named six individuals in his complaint:  Hodge, Jarboe, Thornton, Foley, Ginn,

8

and KSP Officer Scott Bunch[2].  Ginn was already at the scene and Jarboe was the individual seeking the assistance of "other" defendants, so the only other defendants Miller could have been referring to, at a maximum, is four:  Hodge, Thornton, Foley, and Bunch.  Based on this relatively small pool of individuals to draw from, the Court finds it plausible that Miller is accusing each of those individuals of having direct involvement in his arrest and beating.  Thus, the individual capacity § 1983 claims against both Hodge and Thornton are sufficient at this stage of the litigation and will not be dismissed.

## B.

KSP Officer Foley, in his individual capacity, seeks dismissal of Miller's state law claim of "outrage."  Dismissal of this claim is proper.

"It has long been held in Kentucky that the tort of outrage . . . is a gap-filler tort only available when the alleged tortious conduct cannot be redressed by traditional common law torts." *Cissel v. KFC Corp.*, 2007 WL 3227571, *2 (Ky. App. 2007) (citations omitted).  Furthermore, "where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery of emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie." *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. App. 1993).

Here, the complaint alleges that Foley was involved in the beating and unlawful arrest of Miller.  As a result, Miller has relied, in part, on the exact state tort causes of action named in *Rigazio* whose presence typically precludes an outrage claim:  assault, battery, and negligence.

---

[2] Scott Bunch was dismissed by the Court for Miller's failure to serve pursuant to Federal Rule of Civil Procedure 4(m).  [R. 23].

9

[R. 1 at 13-15].  Nowhere does Miller allege that Foley beat him because he was trying to cause emotional distress, a requirement when pleading an outrage claim in addition to traditional torts. As a result, Miller's traditional tort claims are sufficient to allow him a remedy.  Because "[t]he tort of outrage was intended to supplement the existing forms of recovery, not swallow them up," *Rigazio*, 853 S.W.2d at 299, Miller's claim for outrage against Foley in his individual capacity is dismissed.

## VI.

Accordingly, the Court hereby **ORDERS**:

1.     The motions of the Commonwealth of Kentucky, Raymond Foley, Whitley County, the Whitley County Sheriff's Department, Lawrence Hodge, Adam Jarboe, Jim Thornton, and Raymond Foley [R. 6; R. 7; R. 8] are **GRANTED** to the extent that:

     *a.*   All § 1983 claims against the Commonwealth and Foley, in his official capacity, are **dismissed with prejudice**;

     *b.*   All § 1983 claims against Whitley County and the Whitley County Sheriff's Department, other than claims based on policy or custom, are **dismissed with prejudice**;

     *c.*   All § 1983 claims against Hodge, Jarboe, and Thornton, in their official capacities are **dismissed with prejudice**;

     *d.*   All state law claims against the Commonwealth and Foley, in his official capacity, are **dismissed with prejudice**;

     *e.*   All state law claims against Whitley County, the Whitley County Sheriff's Department, and Hodge, Jarboe, and Thornton, in their official capacities, are **dismissed with prejudice**;

     *f.*   Miller's claim of outrage against Foley, in his individual capacity, is **dismissed with prejudice**; and

2.   Hodge and Thornton's motion to dismiss [R. 8] is **DENIED in part** insofar as the § 1983 claims against them in their individual capacities are concerned.

This, the 17th of August, 2012.

**Signed By:**

*Gregory F. Van Tatenhove*

**United States District Judge**